UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **CRYSTAL LITZSEY** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 1:22-CV-01675** |
| | * | |
| **DAVID DAUZAT,** | * | |
| **DAMION JACOBS, CONNIE ADAMS,** | * | **JUDGE: DRELL** |
| **JANE DOE GUARD I,** | * | |
| **JANE DOE GUARD II, JANE DOE GUARD III,** | * | **MAGISTRATE JUDGE:** |
| **AND JANE DOE GUARD IV** | * | **PEREZ-MONTES** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FIRST SUPPLEMENTAL AND AMENDED COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Crystal Litzsey ("Plaintiff"), a person of the full age of majority and a resident of the State of Louisiana, Parish of Avoyelles, who avers as follows:

**I.    PARTIES**

Made defendants herein are:

1. David Dauzat ("Defendant"), acting in his individual and official capacity, as the Avoyelles Parish Sheriff who operates Avoyelles Women's Correctional Center ("AWCC") and is the chief executive officer for the Avoyelles Parish Law Enforcement District. Sheriff Dauzat is responsible for hiring, retention, training, supervision, and for the implementation of customs, policies and procedures by AWCC's guards and other correctional facility staff. As the chief executive officer for the Avoyelles Parish Law Enforcement District, Sheriff Dauzat is the independent and final official policymaker for all of the Avoyelles Parish Law Enforcement District. *See* La. R.S. 13:5901. Sheriff Dauzat is a person of the full age of majority and believed to be a resident of Avoyelles Parish, State of Louisiana. Avoyelles Parish Law Enforcement

District ("Defendant"), a political subdivision created by La. R.S. 13:5912 with the capacity to sue and be sued. A suit against a Louisiana sheriff in his official capacity is a suit against the law enforcement district of which he is the head. *See* La. R.S. 13:5901.

2. Damion Jacobs ("Defendant"), acting in his individual and official capacity, is a person of the full age of majority, believed to be a resident of Avoyelles Parish, who was at all times material hereto employed as the warden and/or director of corrections at AWCC, and acting in the course and scope of his employment.

3. Connie Adams ("Defendant"), acting in her individual and official capacity, is a person of the full age of majority, believed to be a resident of Avoyelles Parish, who was at all times material hereto employed as the assistant warden at AWCC, and acting in the course and scope of her employment.

4. Jane Doe Guard I ("Defendant"), acting in her individual and official capacity, is a person of the full age of majority, believed to be a resident of Avoyelles Parish, who was at all times material hereto employed as a law enforcement officer at AWCC, and acting in the course and scope of her employment.

5. Jane Doe Guard II ("Defendant"), acting in her individual and official capacity, is a person of the full age of majority, believed to be a resident of Avoyelles Parish, who was at all times material hereto employed as a law enforcement officer at AWCC, and acting in the course and scope of her employment.

6. Jane Doe Guard III ("Defendant"), acting in her individual and official capacity, is a person of the full age of majority, believed to be a resident of Avoyelles Parish, who was at all times material hereto employed as a law enforcement officer at AWCC, and acting in the course and scope of her employment.

7. Jane Doe Guard IV ("Defendant"), acting in her individual and official capacity, is a person of the full age of majority, believed to be a resident of Avoyelles Parish, who was at all times material hereto employed as a law enforcement officer at AWCC, and acting in the course and scope of her employment.

8. Whitney Richard ("Defendant"), acting in her individual and official capacity, is a person of the full age of majority, believed to be a resident of Avoyelles Parish, who was at all times material hereto employed and/or an agent of APSO as a licensed nurse practitioner, and acting in the course and scope of her employment.

9. Debra McNeal ("Defendant"), acting in her individual and official capacity, is a person of the full age of majority, believed to be a resident of Avoyelles Parish, who was at all times material hereto employed and/or an agent of APSO as a licensed nurse practitioner, and acting in the course and scope of her employment.

10. Steve J. Dauzat ("Defendant"), acting in his individual and official capacity, is a person of the full age of majority, believed to be a resident of Avoyelles Parish, who was at all times material hereto employed and/or an agent of APSO as a licensed nurse practitioner, and acting in the course and scope of his employment.

11. Capt. Dale Meredith ("Defendant"), acting in his individual and official capacity, is a person of the full age of majority, believed to be a resident of Avoyelles Parish, who was at all times material hereto employed and/or an agent of APSO as a remote emergency medical technician, and acting in the course and scope of his employment.

## II. JURISDICTION AND VENUE

Jurisdiction and venue are proper in the United States District Court for the Western District of Louisiana:

1. Pursuant to 28 U.S.C. § 1331 this District Court has original jurisdiction of all civil actions arising under 42 U.S.C. § 1983 for a violation of Plaintiff's Federal Civil Rights.

2. Pursuant to 28 U.S.C. § 1391 venue is proper as this action has been brought in the judicial district and State where Plaintiff and Defendants reside.

3. Pursuant to 28 U.S.C. § 1367 this Court has supplemental jurisdiction over all state law claims made herein as they are anchored to the claim in which the action over the federal jurisdiction is appropriate.

### III.     ORIGINAL COMPLAINT

1. Plaintiff re-avers and reaffirms all allegations and prayers of the original Complaint, except as amended herein.

### IV.     FACTUAL ALLEGATIONS

1. On or about October 22, 2021, Ms. Litzsey was arrested following a domestic dispute with her fiancé.

2. Ms. Litzsey was booked and transported to the Avoyelles Women's Correctional Center ("AWCC") where she was subjected to cruel and unusual punishment and denied due process as a pretrial detainee in violation of the Eighth and Fourteenth Amendments, subjected to inhumane conditions of confinement, and denied and/or delayed adequate medical care to address a serious medical need that resulted in the amputation of her right leg due to the deliberate indifference of Defendants.

3. On information and belief, a nurse screened Ms. Litzsey upon intake and recorded no signs of a physical medical condition.

4. On information and belief, Ms. Litzsey was placed into lockdown at AWCC.

5. On information and belief, while Ms. Litzsey was in lockdown, Ms. Litzsey was provided with medication two-times daily. However, on information and belief, Defendants failed to supervise and monitor her condition with the administration of medication, failed to provide her with water, and failed to allow her to use the restroom.

6. On information and belief, a dangerous toxic level of the medication developed in Ms. Litzsey, causing her to become extremely lethargic, unable to move, and in need of serious medical attention.

7. On information and belief, after several days in lockdown, Ms. Litzsey's condition continued to deteriorate. She was unresponsive and had extreme difficulty moving.

8. On information and belief, while Ms. Litzsey was in lockdown, Defendants were aware of her deteriorating medical condition and serious medical need but failed to timely and adequately respond.

9. On information and belief, on or about November 5, 2021, Defendants moved Ms. Litzsey from lockdown to "sickbay" in a wheelchair due to her inability to walk.

10. On information and belief, Ms. Litzsey was completely unresponsive, her lips were split wide open, her eyes were rolling in the back of her head, and her feet were extremely swollen.

11. On information and belief, Defendants were aware of her serious medical condition, but failed to timely and adequately respond by bringing her to the hospital for emergency treatment.

12. On information and belief, on or about November 8, 2021, due to Ms. Litzsey's life-threatening condition, it was finally determined that Ms. Litzsey needed emergency medical assistance.

13. Ms. Litzsey was transported via ambulance to Avoyelles Hospital, and then transported to Rapides Regional Medical due to her critical condition.

14. Ms. Litzsey was diagnosed with rhabdomyolysis with acute renal failure. Emergency fasciotomies were performed to relieve extensive fluid pressure created by decaying muscle tissue in her legs, but eventually it was determined Ms. Litzsey right leg needed to be amputated to save her life.

15. On information and belief, Ms. Litzsey emergency medical situation was the result of being provided medication that developed into a dangerous, toxic amount in her system. Further, on information and belief, Defendants failed to supervise and monitor while administering the medication.

16. Ms. Litzsey's injuries were directly caused by the deliberate indifference of Defendants.

### V.  § 1983 CIVIL RIGHTS CLAIMS

17. Plaintiff reincorporates all the allegations contained in Plaintiff's Original Complaint for Damages and paragraphs 1 through 16 of this supplemental and amended complaint for damages.

18. Plaintiff's injuries were caused by the acts, omissions, and complete deliberate indifference of Defendants Sheriff David Dauzat, Damion Jacobs, Connie Adams, Jane Doe Guards, Whitney Richards, Debra McNeal, Steve J. Dauzat, and Capt. Dale Meredith and other correctional facility staff.

19. Defendants Sheriff David Dauzat, Damion Jacobs, Connie Adams, and Jane Doe Guards, Whitney Richards, Debra McNeal, Steve J. Dauzat, and Capt. Dale Meredith arbitrarily and unfairly deprived Plaintiff of her constitutional rights while acting under of color of state

law, while performing their duties, employees, officials and/or agents of the Avoyelles Parish Law Enforcement District.

20. Defendant Sheriff David Dauzat as the "keeper of the public jail in his parish" breached his responsibility for such matters as hiring, retention, training, supervision, and for the implementation of customs, policies and procedures by AWCC's guards and other correctional facility staff, as well as the treatment and medical care of pretrial detainees and inmates.

21. Defendant Damion Jacobs as the warden/director of corrections of AWCC breached his responsibility for such matters as managing, setting prison policies and overseeing the activities of the correctional facility staff to ensure safety and security of the facility, including but not limited to the proper treatment of pretrial detainees and inmates.

22. Defendants Sheriff David Dauzat, Damion Jacobs, and Connie Adams have a Fourteenth Amendment responsibility to provide for the well-being of pretrial detainees in their care. Sheriff David Dauzat, Damion Jacobs, and Connie Adams breached their duty owed to Plaintiff, both in their official and individual capacities.

23. Defendants Sheriff David Dauzat and Damion Jacobs failure to train or supervise Connie Adams, the Jane Doe Guards, Whitney Richards, Debra McNeal, Steve J. Dauzat, and Capt. Dale Meredith and any other AWCC employees constituted deliberate indifference to Plaintiff's constitutional rights.

24. A clear causal connection exists between the failure by Defendants Sheriff David Dauzat and Damion Jacobs to supervise and train the correctional facility staff at AWCC and the violation of Plaintiff's constitutional rights.

25. Constitutionally deficient policies and customs exist at AWCC that evinces deliberate indifference to a substantial risk of harm, so that the inaction by the policymakers

Defendants Sheriff David Dauzat and Damion Jacobs is equivalent to the intentional action that setting policy presupposes.

26. Failure by Sheriff David Dauzat to properly train AWCC officers or employees is a "policy" in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in violation of constitutional rights that the policymakers of the Avoyelles Parish Law Enforcement District can reasonably be said to have been deliberately indifferent to the need.

27. Defendants Sheriff David Dauzat, Damion Jacobs, and Connie Adams failed to train correctional staff, or develop appropriate policies, in the following, but not all-inclusive, respects:

    a. Failure to train on proper procedures or develop appropriate policies to protect the basic constitutional right of all pretrial detainees to be free from punishment.

    b. Failure to train on proper procedures or develop appropriate policies to protect the basic constitutional right of all pretrial detainees to have basic sanitation needs such as having access and being allowed to use the restroom/bathroom.

    c. Failure to train on proper procedures or develop appropriate policies to protect the basic constitutional right of all pretrial detainees to receive water.

    d. Failure to train on proper procedures or develop appropriate policies to protect the basic constitutional right of all pretrial detainees to timely and adequate medical care for serious medical needs.

  e. Failure to train on proper procedures or develop appropriate policies to protect the basic constitutional right of all pretrial detainees to have access to medical personnel qualified to exercise judgment about particular medical needs or problems.

  f. Failure to train on proper procedures or develop appropriate policies to provide medical staff that are competent to examine pretrial detainees and diagnose illnesses or infirmaries.

  g. Failure to train on proper procedures or develop appropriate policies to provide AWCC officers and employees with at least minimal training in recognizing and dealing with medical emergencies.

  h. Failure to train on proper procedures or develop appropriate policies on supervising and monitoring pretrial detainees in "sickbay" or in need of serious medical attention.

  i. Failure to train on proper procedures or develop appropriate policies to protect the basic constitutional right of all pretrial detainees to refuse treatment and be free from being involuntarily medicated.

  j. Failure to train on proper procedures or develop appropriate policies to supervise and monitor pretrial detainees being administered medication.

28. Defendants Sheriff David Dauzat, Damion Jacobs, Connie Adams, Jane Doe Guards, Whitney Richards, Debra McNeal, Steve J. Dauzat, and Capt. Dale Meredith are also liable in their individual capacity because each affirmatively participated in acts that caused constitutional deprivation and each implemented unconstitutional policies that caused Plaintiff's injuries.

29. Defendants Sheriff David Dauzat, Damion Jacobs, Connie Adams, Jane Doe Guards, Whitney Richards, Debra McNeal, Steve J. Dauzat, Capt. Dale Meredith, and other correctional facility staff directly violated Plaintiff's constitutional rights acts, omissions, and complete deliberate indifference by:

    a. Denying and/or delaying critical medical care and/or treatment for Plaintiff's serious medical needs that resulted in Plaintiff losing a limb and damaging her internal organs.

    b. Denying Plaintiff basic sanitation needs such as having access and being allowed to use the restroom/bathroom and instead instructing Plaintiff to urinate on herself.

    c. Denying Plaintiff the basic need of water and instead instructing Plaintiff to drink her own urine.

    d. Denying Plaintiff access to medical personnel qualified to exercise judgment about particular medical needs or problems.

    e. Denying Plaintiff access to medical staff that are competent to examine pretrial detainees and diagnose illnesses or infirmaries.

    f. Failure to supervise and monitor Plaintiff while administering medication.

    g. Failing to supervise and monitor Plaintiff who was in critical condition and needed emergency medical care.

    h. Involuntarily medicating Plaintiff with an overdose of medication in violation of Plaintiff's right to refuse treatment.

    i. Failure to determine a safe dosage of medication.

    j. Overdosing Plaintiff with dangerous amounts of medication.

      k.    Use of excessive force by unreasonably macing Plaintiff.

      l.    Punishing Plaintiff in violation of her Fourteenth Amendments rights to be free from punishment as a pretrial detainee.

30.    This conduct is motivated by evil intent and demonstrates reckless or callous indifference to Plaintiff's constitutional rights. Defendants are liable for punitive damages under § 1983 due to this egregious conduct.

## VI.    STATE LAW TORT CLAIMS

31.    Plaintiff reincorporates all the allegations contained in Plaintiff's Original Complaint for Damages and paragraphs 1 through 30 of this supplemental and amended complaint for damages.

32.    The acts of fault, want of care, and/or negligence on the part of Defendants, are as follows:

      a.    Assault and battery for unreasonably spraying Plaintiff with mace.

      b.    Assault and battery for sedating Plaintiff without her consent.

      c.    Overdosing Plaintiff with medication.

      d.    Failure to determine a safe dosage of medication.

      e.    Failure to supervise and monitor Plaintiff while administering medication.

      f.    Failure to train correctional officers in supervising Plaintiff with serious medical needs.

      g.    Failure to supervise Plaintiff with serious medical needs.

      h.    Denying and/or delaying Plaintiff critical medical care and/or treatment.

      i.    Intentional infliction of emotional distress.

      j.    Negligent infliction of emotional distress.

    k.    Any other acts or omissions of constituting a breach of any duty owed to Plaintiff that may be revealed in subsequent discovery or proven at trial.

## VII.  DAMAGES

33.    As a result of Defendants acts, omissions, negligence, and deliberate indifference as set forth above, Plaintiff is entitled to recover general and special damages reasonable under these premises, as contemplated by § 1983 Civil Rights Act and the Louisiana Civil Code, including, but not limited to:

    a.    Past and future physical pain and suffering;

    b.    Past and future mental anguish and suffering;

    c.    Emotional distress;

    d.    Loss of enjoyment of life;

    e.    Permanent disfigurement and scarring;

    f.    Permanent disability;

    g.    Past and future medical expenses;

    h.    Past and future lost wages;

    i.    Loss of wage-earning capacity;

    j.    Other damages and losses to be proven at trial.

34.    As a result of Defendants acts, omissions, and deliberate indifference as set forth above, Plaintiff is entitled to recover punitive damages under the § 1983 Civil Rights Act.

## VIII.  REQUEST FOR TRIAL BY JURY

35.    Pursuant to Fed. R. Civ. P. 38, Plaintiff request a trial by jury.

## IX.     PRAYER FOR RELIEF

36.     **WHEREFORE**, Plaintiff Crystal Litzsey prays that Defendants Sheriff David Dauzat, Damion Jacobs, Connie Adams, Jane Doe Guard I, Jane Doe Guard II, Jane Doe Guard III, Jane Doe Guard IV, Whitney Richards, Debra McNeal, Steve J. Dauzat, and Capt. Dale Meredith be served with a copy of Summons and this First Supplemental and Amended Complaint for Damages, that they serve their Answers thereto, that after due proceedings had and the expiration of all legal delays, there be final judgment entered holding Defendants liable, unto Plaintiff, in money damages, including punitive in nature, reasonable under these premises, that there be an award of legal interest on all money damages awarded from the date of judicial demand until the same are fully paid, that there be an award of all costs and attorney fees as allowed by law, and that the Court grant such other relief as the interests of justice may require.

Respectfully submitted:

*/s/ Julien G. Lamothe*
FRANK E. LAMOTHE, III (LA Bar #07945)
JULIEN G. LAMOTHE (LA Bar #38313)
**LAMOTHE LAW FIRM, LLC**
400 Poydras Street; Suite 1760
New Orleans, Louisiana 70130
Telephone: (504) 704-1414
felamothe@lamothefirm.com
jlamothe@lamothefirm.com

and

*/s/ Barry R. Laiche*
BARRY R. LAICHE (LA Bar #22456)
**BARRY LAICHE & ASSOCIATES**
237 S Washington St.
Marksville, Louisiana 71351
Telephone:
blaiche@barrylaiche.com

*Attorneys for Crystal Litzsey*